13444. McClure Ten Cent Company *v.* Humphries.

13445. Isaac Silver & Brothers Company *et al.* *v.* Humphries.

Jenkins, P. J. 1. It is the general rule that the allegations of a petition will, when attacked by appropriate demurrer, be construed most strongly against the pleader. So, where general allegations setting up agency are followed by specific detailed averments, the former ordinarily will yield to the latter. *Baggett* v. *Edwards*, 126 *Ga.* 463 (55 S. E. 250); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837, 844 (47 S. E. 329); *Lewis* v.

*Amorous*, 3 *Ga. App.* 50, 53 (59 S. E. 338); *Lawrence* v. *Ga. Ry. & El. Co.*, 9 *Ga. App.* 309 (71 S. E. 593); *Brown.* v. *Mass. Mills*, 7 *Ga. App.* 642 (67 S. E. 832). Thus, in a petition for damages brought against two mercantile corporations jointly, on account of an alleged tortious detention and assault by their alleged employees or agents upon the plaintiff while she was a customer in the store of one of the defendants, where it is charged generally that two of the persons committing the acts were "employed" by the defendants, but where the petition elsewhere particularly shows that they, "the said Mrs. Moore and the man who was assisting her and whose name is unknown to petitioner, are employed by an association known as the Atlanta Retail Merchants ·Association, a corporation, and that both of the defendants hereto are members of that association; . . that one of the objects of said association is the protection of the stores and places of business of its members from the invasion of burglars, petty thieves, and the like, and to this end the members of said association contribute to it a sum of money each month, the amount of which is unknown to petitioner, for the services of such persons as may be employed by said association for the purpose aforesaid; and petitioner here alleges that the said Mrs. Moore and the person who was assisting her, whose name is unknown to petitioner, were both employed by said association and were authorized by both of the defendants hereto to discover and apprehend perpetrators of petty thievery and the like in the stores of said defendants;" it being further alleged that "no specific person so employed is assigned to duty in any particular store by said association, of which both defendants hereto are members, but that the duties of said persons so employed carry them from one place of business to another, and they have like authority in the stores of all members of the said association," there is a failure to set forth a cause of action against the defendants on account of the alleged tort committed by such persons as their agents and servants; this for the reason that the petition in no wise indicates, and it cannot be assumed from the allegations made therein, that the defendants retained or exercised any power of direction or control over the time or manner of the work performed by the servants of the corporation styled "Atlanta Retail Merchants Association." Civil Code (1910), § 4414; *Quinan* v. *Standard Fuel Supply Co.*, 25 *Ga. App.* 47 (102 S. E. 543). Moreover, even were it possible to assume from the allegations of the petition that the two persons referred to were employed both by said association and by the defendants, the petition would be defective, in that it nowhere appears that at the time the alleged tort was committed, such persons were then and there performing any service for and under the direction of the defendants. *Pounds* v. *Central of Ga. Ry. Co.*, 142 *Ga.* 415 (83 S. E. 96). None of the other persons, who it is alleged were concerned in the alleged transaction, being otherwise in any way charged to have been employed by the defendant, Isaac Silver & Brothers Company, the petition as to it should have been dismissed.

2. The allegations with reference to the defendant McClure Ten Cent Company are somewhat different, in that it is alleged that when the plaintiff was in the act of leaving that establishment and was accosted by the said Mrs. Moore (who proclaimed herself a detective and as such sought

to apprehend the plaintiff, thereupon demanding the return of certain jewelry, which she said " the girl did not wrap up for you [plaintiff] at Silver's ") certain employees of the McClure Ten Cent Company to wit, the " floor-walker " and the house detective, Calvert, then and there intervened in such attempted arrest by grabbing and holding the plaintiff and in this way actively assisted in the wrong perpetrated by said two detectives.

(*a*) It will be noted that the ground of the complaint against the McClure Ten Cent Company with reference to the conduct of such individual employees is based upon the alleged specific tortious acts committed by them, and the petition does not in any way base its complaint upon any dereliction of duty on the part of such defendant with respect to its failure to extend protection to its customer while unlawfully and properly within its place of business. No such question being involved in the record, the ruling of this court in *Moone* v. *Smith,* 6 *Ga. App.* 549 (65 S. E. 712), could not under any view be applied, since a plaintiff's right to recover for negligence is limited to the grounds of negligence actually forming the basis of his action. *Charleston &c. Ry. Co.* v. *Patton,* 22 *Ga. App.* 554, 556 (96 S. E. 504); *Central of Ga. Ry. Co.* v. *Weathers,* 120 *Ga.* 475, 479 (47 S. E. 956); *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 695 (2) (50 S. E. 974).

(*b*) The averments of the petition that such acts and conduct of McClure's floor-walker and said named house detective were the acts of defendant's servants, done within the scope of their authority as such, are not subject to general demurrer, although it may appear upon the face of the petition that the attempted arrest and other alleged tortious conduct participated in by such employees were done in connection with and as the result of an alleged wrong committed by the plaintiff at another and different place of business; this for the reason that it cannot be said as a matter of law that the averments that such acts were done by the servants of such defendant within the scope of their employment are untrue. The general demurrer of the McClure Ten Cent Company was therefore properly overruled.

*Judgment reversed on the bill of exceptions of Isaac Silver & Brothers Company; judgment affirmed on the bill of exceptions of McClure Ten Cent Company. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 10, 1923.

Action for damages; from Fulton superior court — Judge Pendleton. January 30, 1922.

Mrs. Bertha E. Humphries sued Isaac Silver & Brothers Company (hereinafter called Silver's) and McClure Ten Cent Company (hereinafter called McClure's) jointly for $25,000 damages because of an alleged unlawful detention and assault committed by alleged employees while the plaintiff was in the store of the latter company. The defendants, by separate bills of exceptions, except to the judgment of the superior court overruling their separate general demurrers containing the ground that

the petition sets forth no cause of action. The petition in substance presented the following case: The plaintiff entered Silver's Five and Ten Cent Store in Atlanta, Georgia, to make some purchases, but, not finding there what she desired, went to McClure's store in the same block. While looking in McClure's show-window and before entering the store she noticed by her side a Mrs. Moore. The latter followed her into the store, remained close to her, and, as the plaintiff approached the door to leave, Mrs. Moore said to her, "Come with me;" to which the plaintiff replied, "No, whatever you want with me, tell me right here." Mrs. Moore then said: "I am a detective. Take that jewelry out of the bag that you have that the girl did not wrap up for you at Silver's." The plaintiff said, "Let me alone, I have no jewelry;" and upon the plaintiff's refusal to go with Mrs. Moore, McClure's store detective, Calvert, and another man unknown to the plaintiff grabbed and pushed her, saying "You will go with her." The plaintiff declined to go, and offered to "open her bag right there, because she wanted the crowd to see what she had." As she emptied her bag on the floor Mrs. Moore became infuriated and struck her. She defended herself against the attack, but Calvert and the other man held her while she was being struck by Mrs Moore, so that she could not resent the action of Mrs. Moore. It is further alleged, as a matter of aggravation, that one of McClure's floor-walkers undertook to prevent the plaintiff from getting the names of witnesses. It is alleged that the plaintiff had nothing in her bag which did not belong to her, and no jewelry of either of the defendants. While the petition charges in general language that Mrs. Moore and the man assisting her "were employed by both defendants herein for the purpose of watching and apprehending petty thieves in said stores," the more specific allegations with reference to their employment state that "the said Mrs. Moore and the man who was assisting her and whose name is unknown to petitioner are employed by an association known as the Atlanta Retail Merchants Association, a corporation, and that both of the defendants hereto are members of that association; . . that one of the objects of said association is the protection of the stores and places of business of its members from the invasion of burglars, petty thieves, and the like, and to this end the members of said association contribute to it a sum of money each month, the

amount of which is unknown to petitioner, for the services of such persons as may be employed by said association for the purpose aforesaid, and petitioner here alleges that the said Mrs. Moore and the person who was assisting her, whose name is unknown to petitioner, were both employed by said association and were authorized by both of the defendants hereto to discover and apprehend perpetrators of petty thievery and 'the like in the stores of said defendants." It is further alleged that "no specific person so employed is assigned to duty in any particular store by said association, of which both defendants hereto are members, but that the duties of said persons so employed carry them from one place of business to another, and they have like authority in the stores of all members of said association."

*Howard, Weltner, Cheatham & Koplin,* for McClure Ten Cent Company.

*Herbert ·J. Haas,* for Isaac Silver Brothers Company *et al.*

*Arminius Wright,* contra.