14308.    DANIEL v. EXCELSIOR AUTO COMPANY et al.

It appearing from the plaintiff's petition that the alleged injury arose from an assault by a person alleged to be the manager of the defendant corporation; that the plaintiff approached the office of the corporation not for the purpose of transacting any sort of business, but from mere idle curiosity, to hear a conversation between the manager and a third person; that the assault did not arise from business of the corporation or in connection with the assailant's duties as manager, but arose from a merely personal altercation, and that the assailant left the corporation's place of business and struck the plaintiff on steps, which, though alleged to have been used jointly by the corporation and by a hotel company as an entrance, are not alleged to have been a part of the defendant's

premises, the petition does not show liability on the part of the corporation, and the court did not err in sustaining its general demurrer.

DECIDED FEBRUARY 23, 1924.

Action for damages; from Fulton superior court—Judge Bryan. December 1, 1922.

*Alexander & Meyerhardt,* for plaintiff.

*McClelland & McClelland,* for defendants.

JENKINS, P. J.   This suit was against an automobile company and its manager jointly, for injuries alleged to have resulted from a connected succession of assaults and batteries by the manager. The court sustained the company's general demurrer to the petition, and as to it dismissed the action; to which judgment the plaintiff excepts.   The demurrer sets forth "that there are not sufficient facts to connect this defendant with the injury complained of, and that the facts stated therein are not sufficient to create any liability against this defendant."   The defendant company contends that the petition on its face shows that the plaintiff's injuries resulted from a merely personal difficulty with the person named as its manager, outside of its place of business, and that he was at the time in no wise acting in the scope of his employment or duties.   The particular allegations on which the plaintiff relies are as follows: "Petitioner alleges that the same steps which lead up from the street to the entrance of the Piedmont Hotel on Luckie street are used also as the entrance to the doorway of said Excelsior Auto Company, which is a narrow place to one side of the Piedmont Hotel entrance and very close to it.   It was within the scope of the duties of said Fred Hogan, as manager of said Excelsior Auto Company, to keep its doorway unobstructed and to prevent loitering there, and the assaults complained of were committed by said Fred Hogan in accordance with his conception of his duties as such manager, but petitioner alleges that the same were made without any personal provocation whatsoever, and because the said Fred Hogan was laboring under a fit of violent and ungovernable temper, brought on by his anger at a matter with which petitioner had no connection and for which he was in no wise responsible.   When said Fred Hogan, manager as aforesaid, commanded petitioner to get out of his door, petitioner, recognizing said manager's legal right, promptly obeyed the command, giving absolutely no provocation whatsoever, and the wrong and injury complained of was also

the wrong and injury of defendant, Excelsior Auto Company, in and about whose business the said Fred Hogan was then and there acting." Describing the injury, the petition further alleges that the plaintiff "was standing in the doorway of the office" of said defendant in the Piedmont Hotel Building, listening to a conversation between said manager and another person, who was complaining to said manager of the conduct of one of the company's employees, when the said manager ordered the plaintiff "to leave said doorway, and that your petitioner, without making any reply, immediately complied with said order and moved out of the doorway of said office, and stood in the doorway of a hotel near-by and about two feet from the place he had been standing;" that the said manager thereupon, after ordering him to move away from his new position, without giving him a reasonable opportunity to do so, and without provocation, "committed a violent assault upon the person of petitioner by striking petitioner with his fist on the left eye and cheek, knocking him through the Luckie street door of the Piedmont Hotel and on the floor of said hotel;" that as petitioner then started to go out to the street and "reached the top step leading from said hotel and from said office of Excelsior Auto Company, the said defendant . . struck said petitioner again with his fist on the left eye and left cheek, and knocked petitioner down the steps at the Luckie street entrance to said hotel and said office of Excelsior Auto Company;" and that after the plaintiff reached the sidewalk the said manager made three additional assaults upon him.

1. "A master is liable for the wilful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them. This rule applies as well where the master is a corporation as where he is a private individual." *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414, 416, 417 (38 S. E. 989, 84 Am. St. R. 250) ; Civil Code (1910), § 4413; *Savannah Electric Co.* v. *Wheeler,* 128 *Ga.* 550, 554, 555 (58 S. E. 38, 10 L. R. A. (N. S.) 1176) ; *Mason* v. *Nashville &c. Ry.,* 135 *Ga.* 741, 756, 757 (70 S. E. 225, 33 L. R. A. (N. S.) 280) ; *Century Bldg. Co.* v. *Lewkowitz,* 1 *Ga. App.* 636, 637 (57 S. E. 1036). But "if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the

servant may be liable, but the master is not liable." *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470, 471, 472 (65 S. E. 322).

2. "It is the general rule that the allegations of a petition will, when attacked by appropriate demurrer, be construed most strongly against the pleader. So, where general allegations . . are followed by specific detailed averments, the former ordinarily will yield to the latter." *McClure Ten Cent Co.* v. *Humphries,* 29 *Ga. App.* 524 (116 S. E. 54), and cases cited. While it is true that a general averment alleging in effect that the act of the servant was done in the prosecution of the master's business and within the scope of the servant's authority has been held to state traversable facts rather than a mere conclusion of law (*Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (2), 61 S. E. 713), yet when, as in the instant case, a general averment of this nature is amplified by specific allegations which plainly and distinctly negative as a fact the general charge that the acts complained of were in the prosecution of the master's business and within the scope of the agent's authority, the specific averments will prevail. It appears from this petition that the injury arose from an assault by a person named as the manager of the defendant corporation; that the plaintiff approached its office not for the purpose of transacting any sort of business, but from mere idle curiosity, to hear a conversation between the manager and a third person; that the alleged succession of assaults arose in no way from the business of the corporation or in connection with the manager's authorized duties, but from a merely personal altercation between the plaintiff and the person named as manager; that the latter left the corporation's place of business and struck the plaintiff on steps which, though charged to have been used jointly by the corporation and by a hotel company as an entrance, are not alleged to have been a part of the defendant corporation's premises. Under the averments made, the defendant corporation was not liable, and the trial judge properly sustained its general demurrer. Civil Code (1910), § 3603; *Fire Asso. of Philadelphia* v. *Fleming,* 78 *Ga.* 733, 736, (3 S. E. 420); *Wikle* v. *L. & N. R. Co.,* 116 *Ga.* 309 (2) (42 S. E. 525); *Murphy* v. *New South Brewery & Ice Co.,* 145 *Ga.* 561 (89 S. E. 704); *Cen. of Ga. Ry. Co.* v. *Morris,* 121 *Ga.* 484 (49 S. E. 606, 104 Am. St. R. 164); *Lynch* v. *Fla. Cen. &c. R. Co.,* 113 *Ga.* 1105 (39 S. E. 411, 54 L. R. A. 810); *Southeastern Fair Asso.* v. *Wong Jung,* 24 *Ga. App.* 707, 708 (102 S. E. 32).

*Judgment affirmed. Stephens and Bell, JJ., concur.*