### 16000.   IRBY *v.* ALLEN & COMPANY.

BROYLES, C. J. Under the facts of the case the court did not err in awarding a nonsuit. See, in this connection, *Isaac Silver & Brothers Co.* v. *Humphries,* 29 *Ga. App.* 524 (1) (116 S. E. 54).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1925. REHEARING DENIED FEBRUARY 11, 1925.

Action for damages; from city court of Atlanta—Judge Reid. June 11, 1924.

Certiorari was granted by the Supreme Court.

An action for false imprisonment was brought by Miss Elsie M. Irby against J. P. Allen & Company, a corporation conducting a department store in the city of Atlanta. From the record it appears that Mrs. W. E. Irby was charged with having passed a worthless check at the store of the defendant company; that V. D. Young swore out a warrant charging Mrs. W. E. Irby with cheating

and swindling, and obtained from the Governor of Georgia a requisition upon the Governor of Maryland for her arrest, naming S. H. Gresham as agent to bring her to Georgia for trial; that Miss Elsie M. Irby was arrested in Baltimore as Mrs. W. E. Irby, and turned over to Gresham, under this requisition, and brought by him to Atlanta, and was there imprisoned in jail until she was tried upon the charge and found not guilty. The plaintiff's petition alleged that Young and Gresham were agents of J. P. Allen & Company, and that all their acts in this matter were authorized by, and done with the consent and approval of, J. P. Allen & Company. From the evidence introduced by the plaintiff it appeared that Young and Gresham were employees of the Retail Merchants Association of Atlanta, of which the defendant company was a member and to which it paid dues, and which rendered service to the defendant company and other merchants in the collection of bad checks and in protecting them from thieves, shoplifters, etc. J. P. Allen, general manager of the defendant company, was introduced as a witness for the plaintiff, and in his testimony said that his company had no control over the acts of Young or of Gresham; that no other person than himself had authority from his company to have anybody arrested, and that he had nothing to do with the issuance of the warrant or the arrest, and never gave instructions to Young or to Gresham about anything in connection with the store of the defendant company. He testified: "When Mr. Young came to me the latter part of June, 1921, he told me that they arrested a Mrs. W. E. Irby, who gave us this check, in Richmond, Virginia, and that they had gotten out a warrant for her; that he had gotten requisition papers from the Governor for Mrs. W. E. Irby. He told me the warrant and requisition papers had been issued for Mrs. W. E. Irby, and he asked me to put up the money to bring her back. He did not ask me to put up any money to bring Elsie M. Irby here; he asked me to put up the money to bring back Mrs. W. E. Irby, and I agreed to put up the money for the purpose of bringing this woman, Mrs. W. E. Irby, back. . . I paid the money to bring Mrs. W. E. Irby back. I did not know when she got back. I did not know who went after her. I did not have any further conversation with Mr. Young about this matter until after the trial. . . I did not know what was done with her when she was brought back. I did not know, and no one told me, that

the girl that was brought back claimed that she was not Mrs. W. E. Irby, until after the trial. . . The thing was entirely in Mr. Young's hands; I had nothing to do with it. I did not attend the trial, the grand jury, or anything else." The witness testified that he had only one conversation with Young about the matter, and that was when he told Young that he would give the money to bring Mrs. W. E. Irby back; he did nothing except put up the money to bring Mrs. W. E. Irby back, and gave no instructions about it. Questions were put to the witness and answered as follows: "You just turned it over to him?" "Yes." "And let him use his own discretion, judgment, to handle it for J. P. Allen & Company?" "Yes, he was not handling it for me." . . "You just left that for Young?" "I left it for the association, Mr. Fitzgerald [general manager of the Retail Merchants Association], and Mr. Young, and all those people handling those kind of matters, and they did not need to consult me about it."

*J. V. Poole,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, Mark Bolding,* for defendant.