### 21772. OGLETREE v. MACDOUGALD CONSTRUCTION COMPANY.

JENKINS, P. J. This was a suit for damages on account of a trespass alleged to have been made upon the premises of the plaintiff by employees of the defendant construction company. The alleged trespass consisted in the defendant's employees using as a privy an unoccupied dwelling belonging to the plaintiff, situated near a street which the defendant construction company was engaged in paving. The court sustained a general demurrer, and the plaintiff excepts. *Held:*

1. "The principal is not liable for the wilful trespass of his agent, unless done by his command or assented to by him." Civil Code (1910), § 3603; *Lynch* v. *Florida Central &c. R. Co.*, 113 *Ga.* 1105 (39 S. E. 411, 54 L. R. A. 810); *Murphey* v. *New South Brewery & Ice Co.*, 145 *Ga.* 561 (89 S. E. 704); *Louisville & Nashville R. Co.* v. *Hudson*, 10 *Ga. App.* 169 (73 S. E. 30); *Southeastern Fair Association* v. *Wong Jung*, 24 *Ga. App.* 707 (102 S. E. 32); *Dugger* v. *Central of Ga. Ry. Co.*, 36 *Ga. App.* 782 (138 S. E. 266).

2. In the instant case, if it were to be assumed that the duty on the part of a master to furnish to his employees a safe place to work included the furnishing of a suitable and convenient place to attend calls of nature, there is no allegation that the defendant did not furnish such a place to its employees engaged in paving the street, or that the act of the employees in invading the premises of the plaintiff for such purpose was done by the express command of the defendant, or even with the knowledge of the defendant. *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6) (48 S. E. 438). While it is alleged in general terms that the defendant assented to such acts of its employees, and acquiesced therein, in that it did not take steps to prevent the same, and it is further alleged that the acts done were within the scope of the employment of the servants of the defendant, these allegations were mere conclusions of the pleader, since they were necessarily contradicted by the averment of the petition that the employees were engaged in paving a street, and there is nothing to show how their actions in invading the premises of the plaintiff were in any wise connected with their duties as employees of the defendant engaged in street-construction work.

3. The court did not err in sustaining the demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 17, 1932.

*J. Mallory Hunt, Sara C. M. Torbert,* for plaintiff.
*Spalding, MacDougald & Sibley, Estes Doremus,* for defendant.