PLANTERS COTTON-OIL COMPANY *et al. v.* BAKER.

No. 10517. SEPTEMBER 28, 1935.

162

*Neely, Marshall & Greene* and *Steve F. Mitchell,* for plaintiffs in error.

*John Henry Poole,* contra.

Russell, Chief Justice. The first question must be answered in the negative. Sections 3603 and 4413, being in pari materia, must be construed together. Each is supplemental of the other. Consequently there should not "be made any distinction between the relationships of principal and agent and that of master and servant, so as to make different rules of liability apply according to the nature of the relationship." Section 4413 is not contrary to section 3603, because section 3603 properly construed does not mean that the principal is not liable for the wilful trespass of

his agent unless done by his *express* command or assent, but he may be liable if the trespass was committed by his *implied* command or *implied* assent; and if committed within the scope of the agency, the implication will arise as a matter of law. The first question being answered in the negative, no instruction upon the second question is required.

The third question is answered in the affirmative, because if the tort of the agent is committed in the prosecution and within the scope of the principal's business, it is done with the implied command or assent of the principal, and in such case it is unnecessary to make proof of an express command or assent. A principal may be liable for the wilful tort of his agent, done in the prosecution and within the scope of his business, although it is not expressly shown that he either commanded the commission of the wilful act or assented to it. Since the determinative question in the case is whether the act is done "in the prosecution and within the scope of" the principal's business, there are many cases where it has been held that either command or assent can properly be implied, or that the principal was negligent in the choice of his agent. Of course the latter instance does not come within the question now propounded.

The foregoing conclusions necessarily follow from the Code of 1863, §§ 2179, 2181, 2904, carried into the Code of 1910 as §§ 3601, 3603, 4413, respectively, and in the Code of 1933 as §§ 4-311, 4-312, and 105-108; and from *Gasway* v. *Atlanta & West Point Railroad Co.*, 58 *Ga.* 216; *Turner* v. *Western & Atlantic Railroad*, 69 *Ga.* 827; *Western & Atlantic Railroad* v. *Turner*, 72 *Ga.* 292 (53 Am. R. 842); *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550 (58 S. E. 38, 10 L. R. A. (N. S.) 1176). Each of these decisions was concurred in by all the Justices, and they are controlling, even if some later decisions may be contrary thereto, as for instance *Wong Jung* v. *Southeastern Fair Association*, 151 *Ga.* 85 (105 S. E. 847), affirming on certiorari 24 *Ga. App.* 707. The decision in *Lockett* v. *Pittman*, 72 *Ga.* 815, if contrary to older decisions cited above, must also yield thereto as authority. In the *Turner* case, supra, it was said that the two Code sections mentioned must be construed in harmony with each other and both allowed to remain of force in the cases to which they apply. We call attention to the fact that in that decision the conductor, for

whose voluntary assault upon an intending passenger the company was held liable, was several times referred to as the agent of the company. The facts stated in the question certified will distinguish the present case from *Murphey* v. *New South Brewery &c. Co.,* 145 *Ga.* 561 (89 S. E. 704). An examination of the record of file in that case discloses the fact that the petition contained no allegation to show that the agent, at the time of the assault, was acting in the prosecution of his principal's business, or within the scope of his employment. Other cases similar to the *Murphey* case, and distinguished in like manner from the present case, are *Waller* v. *Southern Ice & Coal Co.,* 144 *Ga.* 695 (87 S. E. 888), and *Greeson* v. *Bailey,* 167 *Ga.* 638 (146 S. E. 490). In further support of the conclusions reached in the present case, see *Southern Railway Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257); *Mason* v. *N., C. & St. L. Ry. Co.,* 135 *Ga.* 741 (4), 745 (70 S. E. 225, 33 L. R. A. (N. S.) 280); *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.* 593 (85 S. E. 747); *Toole Furniture Co.* v. *Ellis,* 5 *Ga. App.* 271 (63 S. E. 55); *Bussell* v. *Dannenberg Co.,* 34 *Ga. App.* 792 (132 S. E. 230); *Personal Finance Co.* v. *Loggins,* 50 *Ga. App.* 562 (179 S. E. 162); 1 Am. & Eng. Enc. L. 1156; 2 C. J. 854, § 537.

Question 4(a) is answered in the negative. The other questions either show or assume that the tort of the agent was committed in the prosecution of the business of his principal and within the scope of his agency, and such appears to have been true from the facts stated in question 4, as applied to B company, of which A was general manager; but, without more, it does not appear that A was acting within the scope of his authority as an agent of C company in making the wilful assault upon the "third party" as stated in the question. In these circumstances, the answer to question 4(a) is that C company could not be held liable for the assault.

*All the Justices concur, except Russell, C. J., who dissents.*

ON MOTION FOR REHEARING.

RUSSELL, Chief Justice, dissenting in part. In the decision as originally delivered in this case question 4(a) was answered as follows: "Question 4(a) is construed as assuming the existence of the relation of principal and agent between C company and A, the party committing the tort, and as inquiring only as to whether

C company could be held liable without proof that it commanded or assented to its commission. In these circumstances, an implication would arise that C company at least assented to what might occur in the execution of the commission with which A was entrusted; so that question 4(a) should also be answered in the affirmative." This was in accordance with the views of the writer, who is still of the opinion that question 4(a) should be answered in the affirmative. In what is said in the decision as now rendered in reference to question 4(a) I am merely endeavoring to express the views of the majority.