26874. STAFFORD *v.* POSTAL TELEGRAPH-CABLE CO.
*et al.*

DECIDED JUNE 29, 1938. REHEARING DENIED JULY 15, 1938.

216

*Winfield P. Jones,* for plaintiff.

*Crenshaw, Hansell & Gunby, Warren Cox, John H. Boman Jr.,* for defendant.

SUTTON, J. It is now well settled that a corporation, as well as an individual, is liable for a tort committed by its servant in the prosecution and within the scope of its business, whether the act be wilful or negligent. The converse is also true, that the master is not liable if the act done was not in the scope of its business. We think that the court properly sustained the general demurrer

in the present case. While there are repeated allegations that in committing the tort the messenger was acting in the scope of the master's business, the specific allegations of facts show conclusively that he was not. In such a case the general averments must yield to the specific allegations. *Daniel* v. *Excelsior Auto Co., 31 Ga. App.* 621, 624 (121 S. E. 692); *Ogletree* v. *MacDougald Construction Co., 45 Ga. App.* 128 (163 S. E. 320). The petition shows specifically that the messenger, at the time he committed the tort, was not doing anything in furtherance of his master's business, even if it could be said that he went to the house of the plaintiff on business for the master. It is clearly shown that the plaintiff offered no objection to furnishing the messenger with a duplicate receipt for the telegram which had been delivered to her earlier that night; that she told him to wait a minute, went into the living-room, and was actually in the act of writing the receipt when the messenger, who had come into the living-room uninvited and was secretly standing behind her, placed his hands upon her shoulders, and then engaged in the unlawful conduct of which she complains. It would be taxing reason too much to say that his conduct had any relation to or connection with the business of his employer. It is not a case where the conduct was resorted to for the purpose of forcing compliance with his request for a duplicate receipt, and where the master would be liable whether the means adopted were appropriate or not. Manifestly the messenger, with no suggestion on the part of the plaintiff that his request for a duplicate receipt would not be granted, was at the time engaged in a personal, lascivious enterprise of his own, rather than in attempting to accomplish anything even remotely connected with the business of his employer. It is not even asserted in the petition that the original receipt had been lost. It is merely stated that the messenger *said* that it had been lost, an utterance which, in view of his subsequent conduct rather suggests a ruse or piece of deception on his part. Nor is it alleged that the company sent him to procure a duplicate of the receipt which he *said* had been lost. Having stepped aside from his master's business for the time being, in his tortious conduct towards the plaintiff, the master is not liable for his act. *Savannah Electric Co.* v. *Hodges, 6 Ga. App.* 470 (65 S. E. 322). This principle has been restated in numerous decisions of this court, and has been quoted with ap-

proval in *Greeson* v. *Bailey,* 167 *Ga.* 638 (146 S. E. 490), and *Henderson* v. *Nolting First Mortgage Cor.,* 184 *Ga.* 724, 733 (193 S. E. 347, 114 A. L. R. 1022). Nor does the fact that the messenger had on the uniform and cap which it is alleged the company required him to wear until relieved from duty alter the case. If that be indicative of the fact that his act was done during the period of his employment, it is not conclusive on the question of the scope of his employment. "The test is not that the act of the servant was done during the existence of the employment,—that is to say, during the time covered by the employment,—but whether it was done in the prosecution of the master's business; whether the servant was *at that time* engaged in serving his master; for, if the servant steps aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended, and the servant alone is responsible for his act committed by him during this period." (Italics ours.) *L. & N. Railroad Co.* v. *Hudson,* 10 *Ga. App.* 169, 172 (73 S. E. 30).

The question whether or not the servant was at the time acting within the scope of his employment is generally one for the jury; but where, as here, under the allegations of the petition no reasonable construction can be drawn except that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own, the question must be decided by the court as a matter of law. The difficulty in cases involving torts committed by servants is not as to the law, but as to its application to the facts presented. Resort to decided cases not identical on their facts with the one under consideration does not afford much help. We think, however, that the conclusion we have reached is supported by *L. & N. Railroad Co.* v. *Hudson,* supra; *Savannah Electric Co.* v. *Hodges,* supra; *Atlanta Baseball Co.* v. *Lawrence,* 38 *Ga. App.* 497 (144 S. E. 351) ; *Atlanta Coca-Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776). All the cases cited by the plaintiff in error have been carefully considered, but none requires a ruling different from that we have made. Having held that the court properly sustained the general demurrer, it is unnecessary to consider the grounds of the special demurrer.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*