28454. CRAWFORD *v.* EXPOSITION COTTON MILLS *et al.*

Decided October 17, 1940. Rehearing denied November 1, 1940.

*William A. Thomas,* for plaintiff.

*John M. Slaton, James J. Slaton, Brandon, Hynds & Tindall,* for defendants.

Sutton, J. Luther Crawford brought suit against Exposition

Cotton Mills, a corporation, and S. A. Ferrell, to recover damages because of injuries sustained by him on account of an alleged unauthorized assault and battery committed upon him by Ferrell, an employee of the corporation. The petition as amended alleged, that the corporation was engaged in the business of manufacturing cotton into different fabrics, and in connection with its business operated a company store on its premises, selling dry goods and food stuffs to its employees and the public generally, of which store the defendant Ferrell was its general manager, assisted by a staff of about twelve clerks; that about twelve o'clock on May 6, 1939, the plaintiff arrived at the front of said store, intending to enter and purchase groceries; that just at the instant that he caught hold of the front door of the store, Ferrell, acting for himself and on behalf of his employer, closed the door while plaintiff was standing on the premises thereof; that while Ferrell was more thoroughly securing, closing, and fastening the door the plaintiff uttered a harmless exclamation, expressing his personal regret and discomfort at having been shut out of the store at that time; that his expression was not directed towards any one, and it was peaceable and a spontaneous utterance of his misfortune, but that at the very instant of its utterance Ferrell, acting on his own behalf and while in line of duty in behalf of the employer, seized a certain piece of iron four and a half feet long, two inches wide, and more than one fourth of an inch thick, commonly used as a bar for said door, and did furiously, suddenly, with malice, and without any provocation whatsoever, open the door and strike plaintiff on the top of his cranium, injuring him in described respects; that though plaintiff begged and pleaded with him not to strike him any more, as the blood gushed from the wound he had received, Ferrell cursed him, using violent "epitaphs" (epithets?), and stated to plaintiff, who was injured, bleeding, and trembling, that he would kill him; that at said time and place there were a number of employees in the front of the store and grouped around the area thereof, and members of the public generally crowding around the front of the store; that, on information and belief, had it not been for their presence Ferrell would have then and there taken the life of plaintiff; that the defendant corporation, through its agents and servants, was negligent (a) in employing Ferrell, who is a highly fractious, nervous, and dictatorial type of man, possessing an un-

usually and abnormally high temper, and at the time he was employed the defendant corporation knew or could have known that he was as he is alleged to be, and would likely strike any employee or member of the public on slight provocation or no provocation; (b) that without the least provocation, while plaintiff was standing harmlessly at said door as an invitee, and at an instant just after he had involuntarily uttered a peaceable and harmless exclamation of his dismay and regret at having failed to arrive at the store at least one or two seconds before Ferrell, the manager of the defendant corporation's store, slammed the door, Ferrell did, without provocation, wilfully and maliciously strike plaintiff, who was standing peaceably as an invitee on the premises of the said corporation, merely trying to get into the store to trade and purchase groceries from its store; that plaintiff could not possibly have discovered the incompetency and fractious and dangerous character of Ferrell by the exercise of ordinary care, because he did not have equal opportunity of learning of his traits and disposition, the officers, agents, and servants of the defendant corporation having possessed such information for more than ten years, because plaintiff was in said store only on an average of once a week and on these occasions did not talk with Ferrell but only with one of the clerks working under him, and it was only for a few minutes at the most, and the defendant corporation, through its officers, agents, and servants, who constantly, over a period of ten years or more, had known, talked with, dealt with, and knew Ferrell and his most minute traits and dangerous impulses of temper and fractiousness, could have discovered such incompetency and dangerous character of Ferrell if it had, through its officers, agents, and servants, exercised ordinary care, but which it did not do. It was alleged that Ferrell was negligent at the same time and place, in that he did, without any provocation whatsoever on the part of plaintiff, and while he was peaceably standing on the front of said store as an invitee of defendant corporation, and of Ferrell, as manager of the store, wilfully and maliciously strike plaintiff as hereinbefore alleged. The petition detailed the injuries received, alleged treatment by a doctor and the necessity of further treatment for an indeterminate period, and prayed for $5000 damages for pain and suffering and $10,000 as punitive damages.

· Each of the defendants filed general and special demurrers. The

exception is to the judgment sustaining the general demurrer of the Exposition Cotton Mills.

1. In this court the plaintiff suggested in writing the death of the defendant S. A. Ferrell and made a motion that Janie King Ferrell, executrix of his last will and testament, be substituted as a party defendant in his stead in the bill of exceptions. The motion is granted.

2. The majority of the court, Stephens, P. J., and Felton, J., are of the following opinion: The cotton-mill company operated a store for the sale of merchandise and groceries to the cotton-mill employees. The plaintiff was upon the premises of the defendant company for the purpose of entering the store to transact business with the company. He approached the store while the door was open, and while he apparently was being invited to enter the store for the purpose stated. Therefore he can not be said to be a trespasser, or to be one who was not an invitee upon the premises of the defendant. The plaintiff was an invitee, and was entitled to protection as such from the defendant and its employees in charge of the store. Just as the plaintiff approached the store, and before he could enter the door of the store as a customer of the defendant, the defendant's authorized agent, who was the manager of the defendant's store, and who was keeping the door, shut it in the plaintiff's face and prevented an entry therein by the plaintiff. Upon the plaintiff's expressing a personal regret upon reaching the door when the door was being closed in his face, by the "utterance of some harmless exclamation," the defendant's agent in charge of the store and keeping the door assaulted the plaintiff. The plaintiff's exclamation was clearly connected with and grew out of the act of the defendant's agent in closing the door. If such agent, in resentment of the plaintiff's exclamation or by reason thereof, hit the plaintiff as alleged, it was a question for the jury whether the assault "was so closely connected with the authorized transaction of the company's business as to render the company liable for the wilful acts of its servants." See *Schwartz* v. *Nunnally Co.*, 60 *Ga. App.* 858 (5 S. E. 2d, 91). Moreover, the plaintiff's case is strengthened by the fact that it appears from the allegations in the petition that the defendant's agent, who was manager of the store and keeping the door thereof at the time, was, with the knowledge of the defendant and without the knowledge of the plaintiff, pos-

sessed of "an unusually and abnormally high temper . . and would likely strike any employee or member of the public on slight provocation or no provocation at all." It was also alleged that the plaintiff did not know of such incompetency and dangerous character of the defendant's agent, and could not have discovered such by the exercise of ordinary care, because the plaintiff did not have an equal opportunity with the defendant of knowing such fact. The petition as amended set forth a cause of action, and the judge erred in sustaining the general demurrer of the cotton mill.

*Judgment reversed. Stephens, P. J., and Felton, J., concur. Sutton, J., dissents from the ruling in the second division of the opinion, and from the judgment of reversal.*

SUTTON, J. While I concur in the ruling in the first division of the opinion, I dissent from the ruling in the second division and from the judgment of reversal, for the following reasons: Although a corporation is liable for a tort committed by its servant in the prosecution of its business and within the scope of his employment, I think that under the allegations of the petition as amended it is plainly shown that in what Ferrell did he was gratifying his own resentment and anger, that his conduct was in no way connected with the business of his employer; and that the court properly sustained the general demurrer which was filed in its behalf. It is alleged that at the time of his injury, the plaintiff was an invitee of the corporation, but the specific averments show distinctly that he was not. He had admittedly reached the door when it was being closed, and as he stood outside he uttered some undisclosed statement concerning his dismay or disappointment in arriving too late. The closing of the door clearly announced to him that he had come at a time when the invitation to trade, otherwise available to customers, did not extend to him. He acquiesced in the situation, made no protest, but only expressed his disappointment. What he said is not disclosed by the petition; but, with or without cause for resentment, Ferrell is shown to have become greatly angered. When he emerged from the store he was doing nothing in which the plaintiff and the employer were mutually interested. It is not alleged that the plaintiff, while outside the store, made inquiry about anything related to the corporation's business, or that Ferrell approached the plaintiff on any matter in which the employer was interested. It is alleged only in general

terms that he was acting on his own behalf and while in line of duty on behalf of the employer, and seized a bar of iron and struck the plaintiff. "'It is the general rule that the allegations of a petition will, when attacked by appropriate demurrer, be construed most strongly against the pleader. So, where general allegations . . are followed by specific detailed averments, the former ordinarily will yield to the latter.' *McClure Ten Cent Co.* v. *Humphries,* 29 *Ga. App.* 524 (116 S. E. 54), and cases cited. While it is true that a general averment alleging in effect that the act of the servant was done in the prosecution of the master's business and within the scope of the servant's authority has been held to state traversable facts rather than a mere conclusion of law (*Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (2), 61 S. E. 713), yet when, as in the instant case, a general averment of this nature is amplified by specific allegations which plainly and distinctly negative as a fact the general charge that the acts complained of were in the prosecution of the master's business and within the scope of the agent's authority, the specific averments will prevail." *Daniel* v. *Excelsior Auto Co.,* 31 *Ga. App.* 621, 624 (121 S. E. 692). See also *Ogletree* v. *MacDougald Construction Co.,* 45 *Ga. App.* 128 (163 S. E. 320). The petition as amended does not present a case where the conduct of the employee was resorted to for the purpose of executing any business for the master, and where the master might be liable whether the means adopted were appropriate or not. It is an instance where the employee stepped aside from the master's business to serve his own ends and where, though the servant may be liable, the master is not. See *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322); *Greeson* v. *Bailey,* 167 *Ga.* 638 (146 S. E. 490); *Henderson* v. *Nolting Cor.,* 184 *Ga.* 724 (193 S. E. 347, 114 A. L. R. 1022). "'The test is not that the act of the servant was done during the *existence* [italics ours] of the employment,—that is to say, during the time covered by the employment,—but whether it was done in the prosecution of the master's business; whether the servant was *at that time* engaged in serving his master; for, if the servant steps aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended, and the servant alone is responsible for his act committed by him during this period.'" *L. & N. Railroad Co.*

v. *Hudson,* 10 *Ga. App.* 169, 172 (73 S. E. 30). Where, under the allegations of the petition no reasonable construction can be drawn except that the employee was engaged solely in a private enterprise of his own, the question must be decided by the court as a matter of law; and accordingly it should be held that the court did not err in sustaining the general demurrer.

It might be added that it is not material that, as alleged, the corporation was negligent in employing and retaining a manager who was of abnormally high temper and easily provoked, with or without cause, inasmuch as the exercise of such disposition was in nowise connected with the prosecution of the master's business at the time of the plaintiff's injury. *Schwartz* v. *Nunnally Co.,* 60 *Ga. App.* 858 (5 S. E. 2d, 91), cited and relied on by the plaintiff, is readily distinguishable on its facts. There the plaintiff *went into the defendant's store and made a purchase,* and, after leaving, returned to get some change that was due him in the purchase, and was given some offense by the manager in connection with the transaction. The manager followed the plaintiff outside of the store, and, while one of his assistants held the plaintiff, struck him while his back was turned. It was held that it was a jury question whether the attack outside of the store was so closely connected with the authorized transaction of the company's business by the manager as to make it liable for his wilful acts outside of the store. In the present case the beating of the plaintiff was in no way related to or consequent upon any business transaction had with the defendant Ferrell on behalf of the employer.