32374. GILBERT *v.* PROGRESSIVE LIFE INSURANCE COMPANY *et al.*

DECIDED MAY 12, 1949.

220

*Duke Davis, Wilson P. Darden*, for plaintiff.

*Lovejoy & Mayer*, for defendants.

MacINTYRE, P. J. The only question presented, the sufficiency of the petition to withstand general demurrer, is determinable by whether or not under the allegations the tort was committed in the prosecution and within the scope of the business of the defendant corporations. "Every person shall be liable for torts committed by his servant . . in the prosecution and within the scope of his business whether the same shall be by negligence or voluntary." Code, § 105-108. The plaintiff alleged that, a week prior to the date of the assault and battery committed upon him, he had severed, upon amicable terms, his connection with the defendant corporations. It was the custom of the

corporations to pay their agents, such as the plaintiff, one week after the compensation had been earned by mailing checks for their compensation to McClendon, who would deliver the checks to the agents entitled to them. On the date of the assault and battery, the plaintiff went to the offices of the defendant corporations where McClendon was in charge, and inquired if his check, which was due for the last week of his employment, had arrived. McClendon replied that the check had not arrived, and the plaintiff thereupon requested that he be given the address of the home offices. McClendon gave the plaintiff this information, but as the plaintiff was writing down the address, "*McClendon, then acting in the scope of the defendant companies' business,*" set upon him inflicting the enumerated injuries.

A general averment in effect that the act of the employee was committed in the prosecution of the employer's business and within the scope of the employee's authority states traversable facts rather than a mere conclusion of law. *Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (2) (61 S. E. 713, *Plumer* v. *Southern Bell Tel. & Tel. Co.,* 58 *Ga. App.* 622, 625 (199 S. E. 353), *White* v. *American Security Co.,* 48 *Ga. App.* 370, 372 (172 S. E. 853), *Georgia & Fla. Ry. Co.* v. *Thigpen,* 141 *Ga.* 90, 94 (80 S. E. 626), *Daniel* v. *Excelsior Auto Co.,* 31 *Ga. App.* 621, 624 (121 S. E. 692), and see also *Atlanta Steel Co.* v. *Mynahan,* 138 *Ga.* 668 (8) (75 S. E. 980).

While it is true that, where a general averment of that nature is amplified by specific allegations which *plainly* and *distinctly* negative the general allegation that the act or acts complained of were in the prosecution of the employer's business and within the scope of the employee's authority, the specific allegations will prevail (*McClure Ten Cent Co.* v. *Humphries,* 29 *Ga. App.* 524, 116 S. E. 54; *Daniel* v. *Excelsior Auto Co.,* supra; *Ogletree* v. *MacDougald Construction Co.,* 45 *Ga. App.* 128, 163 S. E. 320), in the present petition there are no specific allegations which in fact or by inference negative the plaintiff's allegations that the assault and battery was committed in the prosecution of the employer's business and within the scope of the employee's authority. In the following cases, relied upon by the defendants' counsel, the petitions themselves contained allegations of fact

such as to demonstrate clearly the purely personal origin of the torts; that is to say, the specific allegations negatived the general allegations that the acts complained of were within the scope of the employment, although the torts were committed during the time, or hours, of employment. *Atlanta Coca-Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776); *Plumer* v. *Southern Bell Tel. & Tel. Co.,* supra; *Southeastern Fair Assn.* v. *Wong Jung,* 24 *Ga. App.* 707 (102 S. E. 32); *Louisville & Nashville R. Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30); *Heath* v. *Atlanta Beer Distributing Co.,* 56 *Ga. App.* 494 (193 S. E. 73); *Taff* v. *Life Ins. Co. of Georgia,* 77 *Ga. App.* 836 (50 S. E. 2d, 154).

If the assault and battery grew out of McClendon's personal animosity for the plaintiff or grew out of some prior dispute or altercation between the two, it is not made to appear in the petition by allegation, inference, or otherwise. The petition shows rather that the plaintiff had terminated his employment upon amicable terms, and he had merely returned to the local office of which McClendon was in charge to receive his check, which was customarily mailed to that office for distribution by McClendon.

The action is not based upon the theory that the employers were negligent in employing an irascible and unsuitable employee such as in legal contemplation might have charged them with knowledge that the alleged tort would be committed, to which counsel for the plaintiff gives some space in his brief. We think, however, that the theory that one may be an employee one minute and the very next minute become enraged, commit an assault and battery, and in that act be not an employee, is too fine-spun a distinction. *Central of Georgia Ry. Co.* v. *Brown,* 113 *Ga.* 414, 416 (38 S. E. 989). The allegations of the instant petition do not show such a "stepping aside" from the employer's business as is contemplated by the cases, if indeed it shows any stepping aside at all.

The defendants' contention that McClendon's authority and duties did not include giving the address of the home offices is too debile to merit discussion. Upon whom did such a duty rest?

The petition sufficiently stated a cause of action to withstand the general demurrer, and the court erred in sustaining the de-

murrer and in dismissing the petition. See particularly, in this connection, *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d, 774), *Schwartz* v. *Nunnally Co.*, 60 *Ga. App.* 858 (5 S. E. 2d, 91), and cit. The question of whether or not McClendon was acting within the scope of his employment and in the prosecution of the employers' business is one for the jury.

*Judgment reversed. Gardner and Townsend, JJ., concur.*