## 32742. CONNEY *v.* ATLANTIC GREYHOUND CORPORATION.

Decided February 17, 1950. Rehearing denied March 31, 1950.

326

*Frank A. Bowers*, for plaintiff.

*Gambrell, Harlan & Barwick*, for defendant.

MacINTYRE, P. J.   It seems to us that the reasoning which is the basis of the rule of pleading in those cases in which the corporations are held responsible for the wrongful acts of their agents, acting within the scope of their employment or service, is well stated by Judge Powell, speaking for the court in *Lewis* v. *Amorous*, 3 *Ga. App.* 50, 53, 54 (59 S. E. 338) ; and the writer has thought it helpful in such cases to go back to that case as a basis for determining or ascertaining whether pleadings set forth such an agency as would make the alleged principal responsible for the wrongful acts of the agent.   ■   According to the *Lewis* case, supra, one way of pleading that an agency existed so as

to make the alleged principal responsible for the wrongful acts of the agent is by pleading nothing except facts as they really exist or, by legal fiction or presumption, are deemed to exist. It is, generally speaking, unnecessary to allege matters of law, for judges are always presumed to know judicially what the law is. However, in this method of pleading, if the preliminary or special facts by which the pleader claims that the relationship of principal and agent is established so as to make the employer responsible for the wrongful acts as a matter of law, the pleader may plead his legal conclusions in the nature of general allegations for the purpose of obtaining a decision of the court thereon. A demurrer would then raise the question whether the conclusions were good in law. It is in cases where this form of pleading is adopted by the pleader that many of the Georgia cases use the expression where general allegations setting up that a named person is agent for another named person (that is, agency) are followed by specific detailed averments, and such averments negative or contradict such general allegations, or if the pleader alleges the ultimate fact that a named person was the agent of another but sets up special or preliminary facts by which he claims to establish such relationship, and if these special facts fail to establish such general allegation of agency, and then the pleader follows with the general allegation that the agent is acting within the scope of his employment or service, this latter general allegation is treated as a conclusion of the pleader and as having been made in order to obtain a decision as to whether the act was committed in the scope of the agency or service. In such a form of pleading the general allegations setting up agency will yield to specific detailed averments. The following cases cited in the plaintiff in error's motion for rehearing, we think, come under this class of cases: *Ford* v. *Mitchell*, 50 *Ga. App.* 617 (179 S. E. 215); *Daniel* v. *Excelsior Auto*, 31 *Ga. App.* 621 (121 S. E. 692); *Ogletree* v. *McDougald Const. Co.*, 45 *Ga. App.* 128 (163 S. E. 320); *Plumer* v. *Southern Bell Tel. Co.*, 58 *Ga. App.* 622 (199 S. E. 353); *Louisville & Nashville Ry. Co.* v. *Hudson*, 10 *Ga. App.* 169 (73 S. E. 30); *Isaac Silver & Bros. Co.* v. *Humphries*, 29 *Ga. App.* 524 (1) (116 S. E. 54).

The case of *Bates* v. *Southern Ry. Co.*, 52 *Ga. App.* 576 (183

S. E. 819) is differentiated from the instant case, in that there Waites was alleged to be an agent of the Southern Railway Company for the handling of cars, and it does not appear in the petition that there were sufficiently detailed facts to establish that Waites was acting within the scope of his authority when he ordered Sturdivant, the Chief of Police, to shoot the petitioner, to establish the fact that the act done was done within the scope of the agency or service, nor is there a simple direct averment of fact in the nature of a general averment of fact that the act of the employee Waites was committed in the prosecution of the employer's business and within the scope of the employee's authority. Thus, that petition did not show any connection between the act of the shooting and the employment of Waites, whereas in the instant case there is a simple direct statement of fact in the nature of an express general averment that the act of the employee was committed in the prosecution of the employer's business and within the scope of his authority. This is a general averment of fact connecting the act of the assault and battery with the act of the employment.

■ Another way of pleading that the agency existed so as to make the alleged principal responsible for the wrongful acts of the agent is to allege by a simple direct statement that the defendant corporation by its agent Holbert committed the wrongful act. This, as against a general or special demurrer, would be sufficient.

■ Another way of pleading that the agency existed which would make the alleged principal responsible for the wrongful acts of the agent is to allege by a simple direct statement the fact that the wrongful act was the act of the defendant's servant and was committed in the prosecution of the principal's business and within the scope of the employee's authority, and this would not be subject to general or special demurrer. "In other words the plaintiff is not obliged to spread out his proof upon the record. If the rule were otherwise, the defendant, by his demurrer, might cut off the plaintiff's testimony, however sufficient it might be to make out a case." *Gilmer* v. *Allen,* 9 *Ga.* 208 (3).

It seems to us that the plaintiff was using this last method of pleading to show that an agency existed as would make the

alleged principal responsible for the wrongful acts of the agent for "if the tort of the agent is committed in the prosecution and within the scope of the principal's business, it is done with the implied command or assent of the principal, and in such case it is unnecessary to make proof of an express command or assent. A principal may be liable for the wilful tort of his agent, done in the prosecution and within the scope of his business, although it is not expressly shown that he either commanded the commission of the wilful act or assented to it. Since the determinative question in the case is whether the act is done 'in the prosecution and within the scope of' the principal's business, there are many cases where it has been held that either command or assent can properly be implied." *Planters Cotton Oil Co.* v. *Baker*, 181 *Ga.* 161, 163 (181 S. E. 671).

In the instant case the averments of the petition that such acts and conduct of the defendant corporation's employee were acts of the defendant corporation's servant done within the scope of his authority as such were not subject to general demurrer although it may appear from the face of the petition that the wrongful act (an assault and battery) was committed by the defendant Holbert, who was employed as baggage agent by the defendant corporation in the Greyhound Bus Terminal in Atlanta, Georgia; that the duties of the defendant Holbert were to check baggage for various passengers of the defendant corporation, and that he was at all times named in the petition acting in the prosecution of the principal's business, this for the reason that, "Section 3603 does not mean that the principal can not be held liable for the wilful trespass of his agent unless it is committed by his *express* command or *express* assent; but the proper meaning is that if the agent committed the trespass in the prosecution of the principal's business, it is by implication of law committed by the command of the principal or with his assent. The liability provided by this section is substantially the same as that stated in section 4413" (*Planter's Cotton Oil Co.* v. *Baker,* supra) ; and that it can not be said on demurrer as a matter of law that the general averment of fact that such act was done by the servant of such defendant corporation within the prosecution of the defendant corporation's business was untrue.

It might be noted that in the companion cases of *McClure Ten Cent Company* v. *Humphries* and *Isaac Silver & Bros. Co.* v. *Humphries,* 29 *Ga. App.* 524 (2-b) (supra), in discussing the sufficiency of the pleading to withstand a general demurrer in headnote (2-b), the court seems to have thought that the pleader was using the third method above stated and this court held the petition was not subject to general demurrer, whereas in headnote 1 of these cases the pleadings with reference to Isaac Silver & Bros. Co. seem to have been brought under the first theory above and the court held as to Isaac Silver & Bros. Co. that the petition should have been dismissed.

The defendant corporation's counsel relies strongly upon the case of *Southeastern Fair Assn.* v. *Wong Jung,* 24 *Ga. App.* 707 (102 S. E. 32), affirmed by the Supreme Court in *Wong Jung* v. *Southeastern Fair Assn.,* 151 *Ga.* 85 (105 S. E. 847). If there is anything in that case contrary to what we here held, that case must yield to the older decisions of both this court and the Supreme Court. See, in that connection, *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161, 163 (181 S. E. 671), where the Supreme Court refused to follow the *Wong Jung* case, and also compare, *Frazier* v. *Southern Railway Co.,* 200 *Ga.* 590 (37 S. E. 2d, 774), and *Gilbert* v. *Progressive Life Insurance Co.,* 79 *Ga. App.,* 219 (53 S. E. 2d, 494).

The petition set forth a cause of action against the employer, the corporate defendant, as against a general demurrer and the court erred in sustaining the general demurrer of the corporate defendant, and dismissing the petition as to this defendant.

*Judgment reversed. Gardner and Townsend, JJ., concur.*