PEEPLES, guardian, *vs*. THE BRUNSWICK AND ALBANY RAILROAD COMPANY.

[This case was argued at the last term and the decision reserved.]

The declaration alleged that plaintiff was a passenger on defendant's road, having paid his fare from Alapaha ot Waycross; that he was

in the usual passenger coach; that while thus situated and entitled to the care and protection of defendant, at an intermediate station, he was called out of the train by the conductor in charge thereof, who was defendant's agent, and was beaten, bruised, etc.

*Held*, that the failure to allege in express terms, that the agent acted " in the prosecution and within the scope of his business," was not a vital defect, and the court erred in dismissing the case on general demurrer. *Aliter*, had the injury been inflicted after the delivery of the plaintiff at his destination.

Principal and agent. Railroads. Before Judge HARRIS. Coffee Superior Court. April Term, 1877.

John D. Luke, the plaintiff, having been declared a lunatic, Henry B. Peeples, his guardian, was made a party in his stead.

Reported in the decision.

D. H. POPE, by Z. D. HARRISON, for plaintiff in error.

WARREN & HOBBS ; GOODYEAR & HARRIS, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for injuries sustained upon the following alleged statement of facts : that plaintiff was a passenger on defendant's railroad from Alapaha to Waycross, having paid his full fare to the conductor of defendant's railroad train from Alapaha to Waycross on defendant's road, and being in the place assigned him as such passenger in defendant's passenger coach, and whilst in the care and keeping of said defendant's railroad company, and its said conductor, he was, at Pearson, a station on said road between Alapaha and Waycross, called out of said coach and train, by I. E. Dart, the conductor of said train, in whose charge and under whose protection and care said train and your petitioner were, he, the said Dart, then and there being the agent of said company, and your petitioner was then and there, by the said Dart, he being conductor and agent as aforesaid, beaten, bruised, wounded

and injured in the most shameful and shocking manner, on his head, face and body, your petitioner then and there being in the care and keeping, and under the protection of the said Dart as conductor and agent of defendant's train, as aforesaid. The defendant demurred generally to the plaintiff's declaration, on the ground that it was not liable to him for damages on the allegations contained therein. The court sustained the demurrer and dismissed the plaintiff's case, whereupon the plaintiff excepted.

The 2961st section of the Code declares that "every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant by his command, or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary."

Although the plaintiff does not allege in express terms in his declaration that the defendant's agent, when he inflicted the injury upon him, was in the prosecution and within the scope of its business, still the allegations contained therein are substantially to that effect, and can be amended inasmuch as there is sufficient in the declaration to amend by. The defendant's conductor was in the prosecution of its business and acting within the scope of its authority, when he was engaged in transporting the plaintiff as a passenger on its train from Alapaha to Waycross, and the plaintiff was entitled to the care and protection of the defendant's conductor as such passenger until he arrived at the place of his destination. The injury complained of was done by the defendant's conductor and agent, to the plaintiff, as a passenger on its train *en route* between Alapaha and Waycross.

If the defendant's conductor had delivered the plaintiff as a passenger on its train at Waycross, the place of his destination, and had afterwards beaten him, the defendant would not have been liable therefor, but he called him out of the car when he was engaged in prosecuting the defendant's business, and within the scope of its business in trans-

porting him as a passenger on its train, and voluntarily beat him. In our judgment the court erred in sustaining the defendant's demurrer and dismissing the plaintiff's case. See *Gasway vs. Atlanta & W. P. R. R. Co.*, 58th *Ga., Rep.*, 216.

Let the judgment of the court below be reversed.