30586. FALLS v. JACOBS PHARMACY COMPANY INC.

Decided September 13, 1944.

548

*A. E. Wilson,* for plaintiff.

*Hirsch, Smith, Kilpatrick, Clay & Cody, Sidney Haskins,* for defendant.

GARDNER, J. ■ The doctrine of respondeat superior in this State is contained in the provisions of the Code, § 105-108, which reads as follows: "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Thus it will be seen that in order for the master to be liable for torts committed by his servant, the tort-feasor must either have acted by command of the master or the tortious act must have been perpetrated in the prosecution and within the scope of the master's business. There is no liability on the part of the master arising from the mere relationship of master and servant. *Lewis* v. *Amorous,* 3 *Ga. App.* 50; *Louisville & Nashville R. Co.* v. *Hudson,* 10 *Ga. App.* 169; *Broome* v. *Primrose Tapestry Mills,* 59 *Ga. App.* 70.

■ There is a long line of decisions to the effect that if the servant steps aside from his employment and acts without the scope of his master's business, and commits a tort, the master is not liable. *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724 (193 S. E. 347, 114 A. L. R. 1022); *Georgia Power Co.* v. *Shipp,* 195 *Ga.* 446; *Savannah Electric Company* v. *Hodges,* 6 *Ga. App.* 470; *Smith* v. *Seaboard Air-Line Ry.,* 18 *Ga. App.* 399; *Southeastern Fair Association* v. *Wong Jung,* 24 *Ga. App.* 707; *Daniel* v. *Excelsior Auto Co.,* 31 *Ga. App.* 621; *Atlanta Baseball Co.* v. *Lawrence,* 38 *Ga. App.* 497; *Heath* v. *Atlanta Beer Distributing Co.,* 56 *Ga. App.* 494; *Niebuhr* v. *Pridgen Brothers Co.,* 56 *Ga. App.* 668; *Plumer* v. *Southern Bell Telephone &c. Co.,* 58 *Ga. App.* 622; *Louisville & Nashville R. Co.* v. *Hudson,* supra. The allegations of the petition negate the essential fact necessary to hold the master liable for the tortious acts of the servant, for the allegations clearly show that the assault was not committed in furtherance of the master's business, but, rather, clearly show the affair to be a personal matter between the manager and the plaintiff. Counsel for the plaintiff in error cite but one decision on which he bases his contention for a reversal of this case. This is *Southern Grocery Stores* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581). The facts in that case are entirely different from the allegations in the instant case. The *Keys* case is based on the principle that one operating a mercantile establishment owes a duty to his customers to protect them from unlawful assault by the em-

550

ployees. The occasion of the plaintiff's visit to the defendant's place of business in the instant case was not as a customer. Her purpose for going there was entirely unassociated with the business of Jacobs Pharmacy Company. The defendant held out no invitation to her to visit its place of business for the purpose for which she alleges she entered it.

The court did not err in sustaining the demurrer and dismissing the petition for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*