## 32082. TAFF *v.* LIFE INSURANCE COMPANY OF GEORGIA.

D ECIDED N OVEMBER 6, 1948.

W. T. Maddox, Henry J. Fullbright, for plaintiff.
M. G. Hicks, J. Lon Duckworth, for defendant.

GARDNER, J.   Counsel for both parties agree that the sole question for this court to decide is whether the allegations of the petition make out such a case against the Life Insurance Company of Georgia as can withstand a general demurrer.   Counsel for the plaintiff cite, first, *Gulf Life Ins. Co.* v. *McDaniel,* 75 *Ga. App.* 549 (43 S. E. 2d, 784).   This case holds to the effect that the seller of industrial insurance for a company is its agent. There is no room for argument on this question.   The next case on which the plaintiff relies for reversal is *Andrews* v. *Norvell,* 65 *Ga. App.* 241, 245 (15 S. E. 2d, 808).   The headnote of that case states:   "The proprietor of a saloon is bound to exercise ordinary care and diligence to see that one who enters his saloon as a customer and patron is protected from wilful misconduct and practical jokes which cause bodily harm to the patron and customer, perpetrated by one employed by the proprietor to operate such saloon."   We have but to analyze the facts in that case, which we will not do here, to readily discern that the case differentiates itself from the instant case under its facts.   The next case relied upon by the plaintiff in error is *Brown* v. *Union Bus Co.,* 61 *Ga. App.* 496 (6 S. E. 2d, 388).   What we have said with reference to the *Andrews* case, supra, may with equal propriety be said of the *Brown* case.   The only other case called to our at-

tention by the plaintiff on which is urged a reversal is *Schwartz* v. *Nunnally Co.*, 60 *Ga. App.* 858 (5 S. E. 2d, 91). The facts of that case differentiate it from those of the instant case. We see nothing to be gained by an attempt to call attention as to how or wherein the cases above named and on which the plaintiff relies, as the cases under their facts show no cause why the instant case should be reversed under its facts. To anyone interested, the instant case, under the allegations of the petition, which we have set out, speaks for itself. It is our opinion that the instant case, under its facts, is controlled by the facts and decision in *Plumer* v. *Southern Bell Telephone &c. Co.*, 58 *Ga. App.* 622, (199 S. E. 353), and *Falls* v. *Jacobs Pharmacy Co.*, 71 *Ga. App.* 547 (31 S. E. 2d, 426). In the *Falls* case this court said: ". . In order for the master to be liable for torts committed by his servant, the tort-feasor must either have acted by command of the master or the tortious act must have been perpetrated in the prosecution and within the scope of the master's business. There is no liability on the part of the master arising from the mere relationship of master and servant." It will be noted from the allegations of the petition in the instant case that Alred, while within his territory assigned him by his company, was not, at the time doing anything in furtherance of his master's business. But he was, according to the allegations of the petition, looking for the plaintiff Taff. He was waiting outside the house where Taff had gone. As to how long Alred had been waiting, the petition does not allege. It is true that the petition in a general sort of way alleges that he was within his territory in order to attend to his master's business, but it does not allege that at the time of the assault and battery upon Taff that Alred was then engaged in his master's business of selling insurance nor does the petition allege that immediately prior thereto or in connection with the assault and battery that Alred was engaged in his master's business.

The court did not err in sustaining the general demurrer of the Life Insurance Company of Georgia, and in dismissing the petition as to it.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*