40934. GEORGIA POWER COMPANY v. RABUN et al.

DECIDED JANUARY 26, 1965.

*Randall Evans, Jr.,* for plaintiff in error.

*Stevens & Stevens, Robert L. Stevens,* contra.

BELL, Presiding Judge. ■ ■ Exceptions are brought to the overruling of the plaintiff's motion to strike the cross action. Among the objections is the contention that neither the petition, the answer nor the cross action contained language sufficient to show that the vehicle belonging to Georgia Power Company was being operated at the time of the collision by an agent of the company in the scope of employment or on the company's business.

The petition of the company alleged that Harris M. Yarbrough at the time of the collision was driving the described automobile which was "owned by plaintiff." The cross action alleged that Harris M. Yarbrough "was the servant, agent and employee of the plaintiff at the time"; that Yarbrough "was driving the automobile of plaintiff" at the time of collision; and "that the direct and proximate cause of said collision was the negligence of the plaintiff, by and through its servant, agent and employee, Harris M. Yarbrough."

These allegations of agency appearing in the cross action were sufficient to withstand a motion to dismiss as "a plaintiff seeking to hold a defendant liable for the acts of its agent committed within the scope of the agent's authority may allege such

agency simply by stating that the defendant, acting through its named agent, did the act in question." *Bankers Fidelity &c. Co. v. Morgan,* 104 Ga. App. 894, 896 (123 SE2d 433); *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324, 328 (2) (58 SE2d 559); *Griffith v. Chevrolet Motor Division,* 105 Ga. App. 588, 596 (125 SE2d 525); *Herrin v. Lamar,* 106 Ga. App. 91, 95 (126 SE2d 454); *Hicks v. M. H. A., Inc.,* 107 Ga. App. 290, 293 (129 SE2d 817).

The cases cited by the plaintiff in error in support of its contention, *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32), *Falls v. Jacobs Pharmacy Co., Inc.,* 71 Ga. App. 547 (31 SE2d 426), and *Taff v. Life Ins. Co. of Ga.,* 77 Ga. App. 836 (50 SE2d 154), were all decided on the premise that the allegations of agency appearing in the respective petitions were refuted by other allegations showing that the acts in question were not performed within the scope of the actors' authority or on the principals' business. The pleadings here are not subject to that criticism.

■ Similarly, exception is taken to the denial of the company's motion for judgment notwithstanding the verdict on the ground that there was no proof that Yarbrough, in driving the company's automobile, was the company's servant or was acting by command of the company or was acting within the scope of the business of the Georgia Power Company.

There is in the record evidence showing that the automobile belonged to the company and that Yarbrough was the company's employee at the time of the collision. This was sufficient to present a jury question.

"If it is shown that the driver operating the master's vehicle was in the master's employment at the time of the injury, the presumption arises that the driver was engaged in the master's business and within the scope of his employment, and the burden is then placed upon the master to show that the person operating the machine was not his servant or was not at the time of the injury engaged in the business of the master." *Pratt v. Melton,* 107 Ga. App. 127, 132 (129 SE2d 346).

The contentions considered in this division of the opinion are without merit.

■ ■ The contention is made that the company's oral motion to strike the cross action should have been sustained for the reason that the allegations of the cross action show an impossibility that the collision could have occurred as pleaded.

The cross action alleges in effect that the company car was traveling at a speed of 15 miles per hour and the pleader's car at a speed of 55 miles per hour. The vehicles were approaching from opposite directions. At a point where the driveway of the Thompson Plumbing and Electric Sales and Service Co. intersects the highway, the company's car suddenly and without warning was turned to the left into the path of the pleader's car causing them to collide.

The argument advanced is that each of the approaching vehicles immediately prior to the collision was on its respective side of the road, and that, because of the difference in the alleged speed of the two vehicles, the pleader's vehicle would have been removed from the alleged place of impact before the company's vehicle could have reached the point.

While the language of the cross action is subject to the construction that each of the approaching vehicles was on its proper side of the road immediately prior to the collision, there is absolutely nothing alleged from which there can be fairly drawn any inference of the distance either of the vehicles was to the right of the center of the road. Thus by a reasonable construction of the pleadings a mere matter of inches or fractions of inches could have been involved. Obviously, the clash could have occurred as alleged.

In this status, it would be a strained and unnatural construction to give to the syntax of the pleading the import that each of the approaching vehicles was so far to its respective right side of the road that the difference in their speeds rendered an impact between them impossible.

"While on general demurrer the petition must be strictly construed against the pleader, 'Pleadings are to be given a reasonable intendment, and a strained and unnatural construction will not be given them in order to raise an inference against the pleader.'" *Sarno v. Hoffman,* 110 Ga. App. 164, 166 (2) (138 SE2d 96) and cases cited.

■ There is no merit in the company's argument that its motion for judgment notwithstanding the verdict should have been granted based on the contention that the evidence showed the collision could not have occurred as alleged in the cross action.

There is evidence in the record that the collision occurred on the side of the road in which the opposite party had the right of way and that the company's car was on the wrong side. The evidence related to the cause of action declared and was admitted without objection. See *Griffith v. Newman,* 217 Ga. 533, 539 (2) (123 SE2d 723); *Harvey v. Weill,* 102 Ga. App. 394, 401 (2) (116 SE2d 747). Further, the testimony was authorized by the pleadings and was in substantial agreement with the pleadings. "It is a substantial, not literal, agreement between the allegata and probata which the law requires." *Louisville &c. R. Co. v. West End Heights Land Co.,* 135 Ga. 419 (4) (69 SE 564).

■ Special ground 6 of the motion for new trial complains of an excerpt from the charge of the trial judge which in effect cautioned the jury "that the petition and the answer are pleadings; they are not evidence" and restricted the jury's use of the pleadings "for the purpose of finding out the contentions and seeking to find the true issues of the parties." The contention is that this portion of the charge denied to the company the benefit of certain admissions of the opposite parties which appeared in the pleadings. The ground is without merit.

It is true that a party may avail himself of admissions made in the pleadings of the other without offering in evidence the pleadings showing the admissions. *Code* § 38-402. Nevertheless "If a party desires instructions to the jury touching admissions made in the other party's pleadings, he should present a proper request therefor." *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (10) (125 SE 773). In absence of a proper request, a trial court does not err in failing to instruct the jury specifically that various portions of the opposite parties' pleadings should be considered by the jury as admissions against those parties. *Keough v. Georgia Power Co.,* 40 Ga. App. 336, 340 (9) (149 SE 435); *Bennett v. Watson,* 31 Ga. App. 367 (6) (120 SE 802).

■ Special ground 7 assigns error upon the following excerpt

from the trial court's instructions to the jury: "If one should be injured or damaged while operating an automobile upon a public thoroughfare or street of this state, and such injury or damage was the result of his or her failure to use ordinary care for his own safety, and it could have been prevented by the use of such care on his part, he could not recover for damage to the automobile of that person; *that is, the Power Company could not recover if the agent failed to use ordinary care for his own safety and the collision could have been prevented by the exercise of ordinary care on his part; then the Power Company could not recover for the damage to its car.* Also, if one should be damaged while operating an automobile upon a public street or thoroughfare, and such damage was the result of negligence on the part of another, but if the negligence of the other person could have been discovered and the damage prevented by the exercise of ordinary care for his own safety, *the Power Company would still not be able to recover.*" (Emphasis ours.)

In this ground the plaintiff in error does not complain of the correctness of the portion of the court's instructions regarding the duty of one to exercise ordinary care for one's own safety. Rather, the company readily acknowledges the accuracy of that phase of the charge. Objection is raised, however, to the court's limiting its applicability only to the company by going further and using the name of the company in illustrating the effect of the charge by saying the company could not recover if it had not fulfilled the requirements of the instruction. This, it is urged, was prejudicial as the opposite party by virtue of her cross action was in precisely the same position as the company yet the court's instruction had the effect of eliminating her as affected by the particular principle of law.

An examination of the brief of evidence reveals that there is evidence sufficient to invoke as to all parties to the case the legal principle that one has the duty to exercise ordinary care for one's own safety.

For that reason, we think, the objection here would have been well taken had not the judge subsequently in his instructions recharged the same principle of law and there applied it specifically to the female defendant who brought the cross action.

Where an explanation of the meaning of an instruction is

deemed wise by a trial judge, as it often is, and adverse parties are subject equally to the requirements of the law expressed, then the names or identifications of all affected should be used in the explanation if any one party's name or identification is utilized. Or, as an alternative, the instruction should be recharged showing its applicability to the other party. Here, the trial judge used the alternative method.

There is no merit in special ground 7 of the motion for new trial.

■ There is no merit in special ground 8 of the motion for new trial which complains of the trial court's instruction authorizing recovery on the cross action in the event the jury found liability on the part of the company for "pain and suffering, mental and physical, reasonably resulting from such injury." The pleadings and the evidence authorized the charge.

Special ground 5 of the motion was expressly abandoned.

■ The remaining ground of the motion for new trial asserts that the verdict in favor of both defendants on the cross action should have been set aside as a nullity since only one of the defendants filed a cross action.

The pleadings show in fact that only one of the defendants sought damages in the cross action. The verdict read as follows: "We the jury find in favor of Jimmy Rabun and Mrs. Patricia Harrell Rabun in the sum of $4,000.00." Judgment was entered ". . . that defendants do have and recover of the Georgia Power Company the sum of four thousand (4,000.00) dollars. . . ."

Although there is no doubt the trial judge erred in entering judgment on the verdict by awarding money damages to both of the defendants when only one of them sought damages in the cross action, we do not feel that a reversal on this ground is required. A verdict should be given its reasonable intendment as considered in the light of the pleadings and the evidence in the case. *Code* § 110-105 and annotations, catchwords, "Pleadings and evidence."

It is clear from the pleadings and the evidence in the record that the jury reasonably intended to find in favor of the defendants absolving them of liability in the company's action and reasonably intended to award money damages only to the female defendant who alone sought damages in her cross action and

whose injuries alone as alleged in the cross action were the subject of proof.

The cases cited by the company in support of its position are not in point. They are *Smith v. Barnett,* 109 Ga. App. 142 (135 SE2d 435) ; *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 817 (108 SE2d 561) ; *Finley v. Southern R. Co.,* 5 Ga. App. 722 (2) (64 SE 312). All of these cases deal with *joint* verdicts and judgments rendered against a number of defendants who were joint defendants. The gist of the holding in each case is merely that since all of the joint defendants are equally responsible for the ultimate satisfaction of the judgment no one of them will be held solely accountable for its satisfaction if for any reason the judgment is held erroneous as to any joint defendant. This principle is not involved in this case.

The judgment is affirmed with directions to the trial court to recast its judgment in the case so as to conform the judgment to the reasonable intendment of the verdict as declared in this opinion.

*Judgment affirmed with directions. Jordan and Eberhardt, JJ., concur.*