46004.   McINTOSH v. NEAL-BLUN COMPANY.

ARGUED MARCH 2, 1971—DECIDED MAY 21, 1971.

838

*Owen H. Page,* for appellant.

*Falligant, Doremus & Karsman, Stanley Karsman,* for appellee.

QUILLIAN, Judge. The question for determination as stated by counsel for the appellant is: "Does the 'Family Purpose Car Doctrine' apply to a wholly owned family corporation which furnishes a vehicle owned by the corporation to its president for his personal and business use, and he permits the unrestricted use of the vehicle by members of his family with the knowledge and consent of corporate officers and stockholders, and while the vehicle is so used, a third person is injured · because of negligence? Or does mere corporate ownership exculpate the corporation from liability?"

We cannot agree with the appellant's position because of that which was held in *Harper v. Brown,* 122 Ga. App. 316, 318 (176 SE2d 621): "Operation of the master's vehicle by a servant with the master's knowledge, consent and permission, but on a mission purely personal to the servant, places the servant in the same po-

sition as that of any borrower of a vehicle, and as to the use of the vehicle on the personal mission the relationship is that of bailor and bailee only. A company is not chargeable with acts committed by its president in his individual capacity and for his personal benefit only. *Hopkins v. City of Atlanta,* 172 Ga. 254 (2) (157 SE 473). And see *Strickland v. Bank of Cartersville,* 141 Ga. 565 (4) (81 SE 886). It was held in *Heath v. Atlanta Beer Distr. Co.,* 56 Ga. App. 494 (193 SE 73) that even though a tortfeasor is the owner and sole stockholder of the corporation, the corporation is not liable unless the tortfeasor is acting within the scope of his employment or in the line of business of the corporation at the time. Even though the company car was turned over to Harper as president without restrictions on his use, the rule of respondeat superior does not apply where the use was purely personal to Harper. See also *Code* § 105-108; McGuire v. Gem City Motors, 296 FSupp. 541; *Fulton Bag &c. Mills v. Eudaly,* 95 Ga. App. 644 (98 SE2d 235); *Fielder v. Davison,* 139 Ga. 509 (77 SE 618). Since the evidence demands a conclusion that Harper was on a purely personal mission at the time of the collision, the judgment against Allied Chemical Corp. is without evidence to support it."

The family-purpose car doctrine applies to a family and not to a corporation. In the case sub judice Nelson was not the agent or servant of the defendant Neal-Blun Company nor was he on any business of the defendant company at the time of the collision.

The granting of the summary judgment was not error.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Pannell, Deen and Whitman, JJ., concur. Jordan, P. J., concurs in the judgment only. Evans, J., dissents.*

EVANS, Judge, dissenting. I would reverse the trial court in granting summary judgment on behalf of the defendant Neal-Blun Company, the corporate owner of the automobile involved in this tort action.

Of great importance is that said defendant corporation filed an answer in the State Court of Chatham County, and admitted the allegations of Paragraph 5 of plaintiff's petition, to wit:

"5. At all times hereinafter mentioned defendant company was the owner of a 1966 XL Ford Sedan which was furnished by it for

the benefit, use, and enjoyment of the family of John M. McIntosh, president of said corporation. *At all times described herein, said Ford sedan was being used by Neff McIntosh, son of John M. McIntosh,* with the knowledge, consent and approval of Mr. McIntosh *and with the knowledge, consent, and approval of said corporation* of which Mr. McIntosh is an officer and agent." (Emphasis supplied).

The admission of the above paragraph is made in the answer filed by both defendants on April 10, 1970, paragraph 5 of which is: "Defendants admit the allegations contained in paragraph five of plaintiff's complaint."

On September 23, 1970, the above answer was voluntarily dismissed, and while the admissions above made could not thereafter be used as "solemn admissions in judicio" against the defendants, they remained "admissions" for whatever credit and value the jury might place upon same. See *McConnell v. Gregory,* 146 Ga. 475 (1) (91 SE 550):

"When admissions are made in pleadings and are withdrawn or stricken by amendment, they can be used as evidence by the opposite party upon the trial, with the right of the other party to explain or disprove them; but admissions in pleadings, after they are withdrawn or stricken by amendment, can not be used as solemn admissions in judicio, so as to effect an estoppel to deny them."

Again, see *Georgia Power Co. v. Rabun,* 111 Ga. App. 63 (3) (140 SE2d 568): "A party may avail himself of admissions made in the pleadings of the other without offering in evidence the pleadings showing the admissions. . ."

Also see *Payne v. Rivers,* 28 Ga. App. 28 (2) (110 SE 45); *Nathan v. Duncan,* 113 Ga. App. 630, 635 (149 SE2d 383).

Under the provisions of § 56 CPA (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; *Code Ann.* § 81A-156 (c)) the trial judge, in determining questions raised by motion for summary judgment, is required to consider *the pleadings,* depositions, answers to interrogatories, *and admissions on file,* together with the affidavits, if any.

The record shows that plaintiff amended her petition by adding at the end of paragraph 5 the following: "The defendant compa-

ny's stock is wholly owned by members of the family of Mr. and Mrs. A. C. Neff, the grandfather and grandmother respectively of A. Neff McIntosh, and Mr. and Mrs. John M. McIntosh, the mother and father of A. Neff McIntosh. Mr. Neff is Chairman of the Board of said corporation and his wife, Mrs. Neff, is a majority stockholder. These stockholders and the others had knowledge that the Ford sedan was being used for the benefit, enjoyment and convenience of the family of John M. McIntosh and consented and approved the use of said automobile by Mr. McIntosh and members of his family."

Further, in opposition to the motion for summary judgment, the affidavit of A. Neff McIntosh was submitted showing the Neal-Blun Company was a corporation wholly owned by members of affiant's family, to wit: his grandfather, grandmother, father and mother, and other members of the family; and that affiant was present in the car at the time of the collision, permitting it to be driven at the time by defendant Nicholas K. Nelson, who drove under affiant's authority and supervision; that affiant had been driving the car for about a year and a half prior to June 5, 1968, which was "with the consent, approval and knowledge of my father, grandfather and grandmother and other members of the family who owned stock in the defendant company," and that while the car was used primarily by affiant's father, "he permitted and authorized its use by me and other members of the family for our pleasure, convenience and enjoyment. No restrictions were placed upon its use by any member of the family. The car had the same status in our family as any other car owned by my mother or father and it was made available to me and other members of the family for our use and enjoyment with full knowledge and consent of the defendant, Neal-Blun Company."

Surely the foregoing was sufficient to authorize the submission of this case to a jury; and same should not have been decided against plaintiff on motion for summary judgment. The admissions in defendant's answer were themselves enough to carry the case to a jury; and the affidavit of A. Neff McIntosh was likewise sufficient. If the Ford automobile in question was furnished by the corporate defendant for the "use, benefit and enjoyment of the family of John M. McIntosh," and if, at the time in question, it

was being used by A. Neff McIntosh with the "knowledge, consent, and approval of said corporation," and if Neff McIntosh had been so using the car for a year and a half immediately prior to the date of the injury, and if "no restrictions were placed upon its use by any member of the family" (all of which was clearly supported by the record), the jury should have passed on the question of whether the corporate defendant was liable.

In *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442), it is held: "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. . . The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. . . The Act cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.'" It is completely immaterial that Neff McIntosh had delegated the driving of the car to another, immediately before the collision, while Neff was present in the car and supervising said driving. See *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184); *Pritchett v. Williams,* 115 Ga. App. 8, 9 (153 SE2d 639).

It may be that the trial court reached an erroneous conclusion in this case through an improper construction of plaintiff's response to the motion for summary judgment, as the trial court stated in his final order that said response eliminated the question of agency or ownership of the car. A careful reading of the response will show to the contrary. In this respect, plaintiff's response alleged: "The plaintiff shows that the issue before the court is not the question of agency or ownership, but the question of *Whether or not the defendant, Neal-Blun Company, a wholly owned family corporation, furnished the Ford sedan to the members of the family of John M. McIntosh and to his son, A. Neff McIntosh for their pleasure, enjoyment and convenience. Because of the status of the Ford sedan, is liability imposed upon the defendant Neal-Blun Company, under the family-purpose doctrine of the State of Georgia?"* (Emphasis supplied.) The emphasized lines of

this response clearly show that both agency and ownership were involved; for it must be remembered that the family-car doctrine is predicated squarely on the principle of "master and servant, principal and agent." See *Griffin v. Russell,* 144 Ga. 275, 278 (87 SE 10, LRA 1916F 216, AC 1917D 994). If the language used in the response is self-contradictory to any extent, let it be borne in mind that under our present "notice" pleadings, same must be construed most favorably on behalf of the pleader. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (2) (164 SE2d 246).

Defendant cites *Harper v. Brown,* 122 Ga. App. 316 (176 SE2d 621), but in that case the majority opinion at no place discussed or even mentioned "Family-purpose doctrine."

We find no Georgia case on all-fours with the case sub judice, but a case from the Supreme Court of Connecticut (Durso v. A. D. Cozzolino, Inc., 128 Conn. 24 (20 A2d 392)), is exactly in point as follows: "But if a car is maintained for the general use of a family, we see no valid distinction between a situation where it is owned and maintained by a member of the family and one where, as here, it is owned and maintained by a family corporation for the use of the family of its managing head and one of its principal stockholders. In such a situation the controlling element is the scope of the intended use of the car rather than the mere fact that it is owned and maintained by the corporation. The reason underlying the doctrine exists no less in such a situation than in one where title to the car is in a member of the family. Indeed, to hold otherwise, would make it possible, in the case of a family corporation such as the one before us, to avoid liability under the family car doctrine by having automobiles for the use of the families of its officers owned and maintained by the corporation. As applied to such a case as the one before us, we cannot regard as authoritative the statement in Keller v. Federal Bob Brannon Truck Co., 151 Tenn. 427, 437 (269 SW 914), that the family car doctrine cannot be applied to a corporation. The trial court was in error in its ruling that the defendant corporation was not liable for damages caused by the negligence of Marie while operating the car under circumstances clearly within her general authority to do so."

Of course, we are not bound by this Connecticut case, but it is persuasive.